she took it accidentally and not with the intention of taking her own life. 24 Tex. Jur. 1263; Home Benefit Ass'n v. Briggs (Tex.Civ.App.) 61 S.W.2d 867, par. 6, and authorities there cited.

 There was no error on the part of the trial court in refusing to admit in evidence the evidence taken at the coroner's inquest and the verdict thereon. 24 Tex. Jur. 1231, 1265; Boehme v. Sovereign Camp, W. O. W., 98 Tex. 376, 84 S.W. 422, 4 Ann.Cas.1019; Dent v. National Life & Accident Ins. Co. (Tex.Civ.App.) 6 S. W.2d 195.

The judgment of the trial court is affirmed.

on a policy of insurance issued by said company upon the life of Alejandro Ramirez, deceased.

The only two propositions of law advanced in appellant's brief bring into question the sufficiency of the evidence to support the trial judge's findings of fact upon the issue of consideration for a written release of the insurance company from liability upon the policy sued on. These propositions are not followed by any statement setting out any of the testimony upon that issue, from which this court can determine the questions sought to be raised. The appeal therefore presents nothing for review, and the judgment is affirmed.

## RAMIREZ v. AMERICAN NAT. INS. CO.
### No. 10173.

Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

J. R. Cade, of San Antonio, for appellant.

Claud J. Carter, of San Antonio, for appellee.

SMITH, Chief Justice.

This appeal is from a judgment denying recovery to Louisa C. Ramirez against American National Insurance Company up-

## BUTLER v. CHURCH et al.
### No. 3163.

Court of Civil Appeals of Texas. Beaumont.

Nov. 23, 1937.

Rehearing Denied Dec. 1, 1937.

Maude F. Butler, of San Antonio, for appellant.